**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

**DIANE C. DECONTI,**

                  **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　**Case No.  2:10-cv-335-FtM-29DNF**

**KEVEN RAMBOSK, Collier County**
**Sheriff's Office, ADAM MACHIESELLO,**
**PETE CACERES. SCOT VENTURA, SGT.**
**WILSON, ERVIN GARRIGIA,  DEPUTY**
**RING, AND UNKNOWN OFFICERS,**

                  **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      The Plaintiff, Diane C. DeConti filed an Application to Proceed Without Prepayment of Fees and Affidavit (Doc. 9) on July 13, 2010, 2010.  Ms. DeConti is requesting leave to proceed *in forma pauperis* which is without the prepayment of costs.  When an application is filed to proceed *in forma pauperis*, the Court is obligated to review the file pursuant to Title 28 U.S.C. § 1915.  Section 1915(e)(2)(B) requires the Court to dismiss the case if it determines that the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §1915.  A complaint is considered to be frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989). *Pro se* complaints should be held to a less stringent standard than pleadings drafted by attorneys. *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976[1]).

The Court entered an Order (Doc. 6) on June 7, 2010 which required the Plaintiff to file an Amended Complaint and file an Affidavit of Indigency. The Plaintiff filed an Amended Complaint (Doc. 13) on August 24, 2010, and the present Affidavit of Indigency construed as a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 9) on July 13, 2010. The Court reviewed the Amended Complaint. The allegations in the Amended Complaint are unclear and fail to state a cause of action.

The Plaintiff alleges that her civil rights have been violated by Kevin Rambosk and the Collier County Sheriff's Office. She asserts that the Defendants have failed to protect and serve her and have allowed "bad people and cops" to file false police reports against her, but have not allowed her to file police reports against anyone who has tried to hurt her. (Doc. 13, p. 2). The Plaintiff has lived in Naples since 1992, and provides numbers to allegedly false police reports including one by a professional boxer. She claims that she lost money on the sale of her condominium due to the actions of the officers. She also claims that she was evicted from an apartment and her pets were taken due to the actions of the officers. She includes unrelated information about her home and her pets. The Plaintiff left Naples and then returned a year later to care for her mother from 2006 through 2008. The Plaintiff asserts that her brothers caused her trouble as well. Her brothers eventually evicted her from her mother's residence and Don Hunter and the Collier County Sheriff's Office helped her brothers. The Collier County Sheriff's deputies refused to press charges for her against her brother. The Plaintiff's first claim is against the Defendants for failing to press charges when she requested. In her

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir., 1981) (*en banc*),the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

second claim, the Plaintiff contends that she was falsely arrested and maliciously prosecuted when she was arrested at a protest. The Plaintiff includes many facts that do not relate to her second claim. The Plaintiff asserts that on January 27, 2010, she was arrested for peaceably protesting, and that the Defendants failed to give the Plaintiff her rights, "refused to give her a duly sworn statement", and refused to provide her an attorney. The Plaintiff claims that the Collier County Sheriff's Office is corrupt. (Doc. 13, p. 17). She claims that her charity and reputation are ruined, and that her family took things from her. The Plaintiffs asserts that her niece was given a car that she should have had. The Plaintiffs contends that her cats were taken from her and that she did not receive her inheritance.

The only possible causes of action that the Court can determine from the Plaintiff's Amended Complaint is pursuant to 42 U.S.C. §1983 for false arrest and malicious prosecution. However, the Plaintiff has failed to include facts that support these claims. For a false arrest claim, the Plaintiff must show that the arrest was without probable cause. *See, Lomax v. Diaz*, 2010 WL 3010188, *2 (11th Cir. Aug. 3, 2010). The Plaintiff has failed to provide any allegations surrounding her arrest other than the conclusion that it was a false arrest. For a claim of malicious prosecution, the Plaintiff must establish that "(1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding." *Angiolillo v. Collier County*, 2010 WL 3330004, *3 (11th Cir. Aug. 25, 2010). Again, the Plaintiff failed to allege facts that support a claim for malicious prosecution other than the

conclusion that it was a malicious prosecution. The Court determines that the allegations do not state a cause of action upon which relief may be granted.

Therefore, it is respectfully recommended that the Affidavit of Indigency construed as a Motion to Proceed *In Forma Pauperis* (Doc. 9) be **denied** and this action be **dismissed.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this ___22nd___ day of September, 2010.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record