UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIANE C. DECONTI,

                   Plaintiff,

vs.                                Case No.  2:10-cv-335-FtM-29DNF

KEVEN   RAMBOSK,   Collier   County
Sheriff's Office, ADAM MACHIESELLO,
PETE CACERES. SCOT VENTURA, SGT.
WILSON, ERVIN GARRIGIA,    DEPUTY
RING, AND UNKNOWN OFFICERS,

                   Defendants.
_____


**<u>OPINION AND ORDER</u>**

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #14), filed September 22, 2010, recommending that the Affidavit of Indigency (Doc. #9), construed as a motion to proceed in forma pauperis, be denied and the case dismissed.  Plaintiff filed an "Answer to Doc. 14", which is construed as objections to the Report and Recommendation.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732 (11th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection

is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong. § 2 (1976)). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

Plaintiff argues that the allegations in the complaint and amended complaint are sufficient pending discovery. Plaintiff further argues that striking the malicious prosecution claim was the more appropriate recommendation rather than dismissal of the case. Plaintiff also argues that her *pro se* status requires that she be held to a lower standard in presenting her case and be permitted to proceed to trial. The Magistrate Judge found no facts to support claims under 42 U.S.C. § 1983 for false arrest or for malicious prosecution. After conducting an independent examination of the file and upon due consideration of the Report and

Recommendation, the Court accepts the Report and Recommendation of the magistrate judge and overrules the objections.

Accordingly, it is now

**ORDERED**:

1. The Report and Recommendation (Doc. #14) is hereby **adopted** and the findings incorporated herein.

2. Plaintiff's Affidavit of Indigency (Doc. #9), construed as a motion to proceed in forma pauperis, is **denied**.

3. The Clerk shall enter judgment **dismissing** the case without prejudice, terminate all pending motions and deadlines as moot, and close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this ___14th___ day of October, 2010.


_____
JOHN E. STEELE
United States District Judge


Copies:
Hon. Douglas N. Frazier
United States Magistrate Judge

Counsel of Record
Unrepresented parties